# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RYAN DILLON,

        Petitioner,   :   Case No. 3:20-cv-180

  - vs -                     District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
  Southern Ohio Correctional Facility,

                                      :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Ryan Dillon brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Common Pleas Court on charges of murder, tampering with evidence, and receiving stolen property.

Although Petitioner has named the Ohio Department of Rehabilitation and Corrections as Respondent, the correct respondent is the Warden of Petitioner's place of confinement, Ron Erdos. Warden Erdos is substituted as Respondent and the caption is ordered amended as set forth above.

All habeas corpus cases filed at the Dayton location of court are referred to the undersigned under General Order Day 13-01.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

**Litigation History**

In Clark County Common Pleas case 12-362, Dillon was sentenced on February 20, 2014, to eighteen years to life in imprison after his conviction by a jury on charges of murder, tampering with evidence, and receiving stolen property (Petition, ECF No. 1, PageID 1[1]).

Dillon appealed to the Ohio Court of Appeals for the Second District. That court reversed and remanded the case. *State v. Dillon,* 2016-Ohio-1561 (Ohio App. 2nd Dist. Apr.15, 2016). After re-sentencing, Dillon again appealed and this time the Second District modified the trial court judgment but affirmed that judgment as modified. *State v. Dillon*, 2017-Ohio-309 (Ohio App. 2d Dist. Jan. 27, 2017). It is this modified sentence (15 years to life in prison for purposeful murder consecutive to two concurrent terms of 18 months in prison for receiving stolen property and three years in prison for evidence tampering) that Dillon challenges here.

Dillon apparently did not appeal to the Supreme Court of Ohio from this decision. Although he claims that he did, the Lexis database shows no appeal to the Supreme Court from either Second District decision. The public docket of the Supreme Court also shows no case with Dillon's name. Dillon does not claim in the Petition to have filed any other applications for relief to any state court.

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.) The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken."

2

## Analysis

In 1996 the Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which provided for the first time a statute of limitations in habeas corpus cases. As codified 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Dillon did not appeal to the Supreme Court of Ohio from the second decision of the court of appeals in his case, his conviction became final on direct appeal forty-five days after the Second District's last decision because that is the deadline for appealing. That would have been March 13, 2017. The statute of limitations began to run on that date and expired one year

3

Case: 3:20-cv-00180-TMR-MRM Doc #: 2 Filed: 05/12/20 Page: 4 of 4 PAGEID #: 21

later on March 14, 2018. Dillon did not file his Petition in this Court until May 11, 2020. At question 18 of the Petition, he attempts to excuse this delay by blaming ineffective assistance of counsel. However, Dillon's right to counsel under the Sixth Amendment ceased with the conclusion of his direct appeal.

**Conclusion**

Based on the above analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limtations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 11, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

4